IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    3:04cv594-MHT |
| v. | )          WO |
| | ) |
| THOMAS JACKSON MADDOX | ) |

**ORDER ON MOTION**

On January 9, 2006, the movant, Thomas Jackson Maddox, filed a pleading styled as a "*Motion Seeking Permission to File Supplemental Pleading Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.*" (Doc. 36.) The court construes Maddox's pleading to contain a *motion for leave to amend* his 28 U.S.C. § 2255 motion to assert claims based on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted). The claims in the instant motion are premised on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases that become final before *Booker* was decided. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). A review of

the record reflects that Maddox's conviction became final before *Booker* was decided. Thus, Maddox's amendment is futile as a matter of law. Accordingly, it is

**ORDERED that the *motion for leave to amend* be and is hereby DENIED.**

Done this 11th day of January, 2006.

>    **/s/ Delores R. Boyd**
>    DELORES R. BOYD
>    UNITED STATES MAGISTRATE JUDGE