IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. |
| | ) | 3:04cv594-MHT-DRB |
| THOMAS JACKSON MADDOX | ) | [WO] |

**ORDER ON MOTION**

On February 24, 2006 (Doc. No. 38), the movant, Thomas Jackson Maddox, filed a pleading styled *"Subject Matter Jurisdictional Challenge[:] Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)."* By his motion, Maddox attempts to assert claims challenging the validity of his sentence, specifically, the term of supervised release that was imposed against him. The court understands Maddox to base his claims on the Supreme Court's remedial holding in *United States v. Booker*, 543 U.S. 220 (2005), that the United States Sentencing Guidelines must be considered as advisory rather than mandatory. Because Maddox challenges the validity of his sentence, he seeks relief that is appropriate only under 28 U.S.C. § 2255. *See, e.g., Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, Fed.R.Civ.P. 60(b) "simply does not provide for relief from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Accordingly, this court construes Maddox's instant pleading as a *motion for leave to amend* his 28 U.S.C. § 2255 motion to assert claims based on *Booker*.

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Nevertheless, a motion to amend may be denied on

"numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted). The claims in the instant motion are premised on the Supreme Court's decision in *Booker*, 543 U.S. 220. However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases that become final before *Booker* was decided. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). A review of the record reflects that Maddox's conviction became final well before *Booker* was decided. Thus, Maddox's attempted amendment is futile as a matter of law. Accordingly, it is

ORDERED that the *motion for leave to amend* (Doc. No. 38) be and is hereby DENIED.

Done this 8th day of September, 2006.

> **/s/ Delores R. Boyd**
> DELORES R. BOYD
> UNITED STATES MAGISTRATE JUDGE